## CITY OF JENKINS v. KENTUCKY WATER CO.

Court of Appeals of Kentucky.
March 20, 1951.

Francis M. Burke, Francis D. Burke, Pikeville, for appellant.

French Hawk, Whitesburg, T. E. Moore, Jr., Hazard, Wm. H. Crutcher, Jr., and Peter, Heyburn & Marshall, all of Louisville, for appellee.

VAN SANT, Commissioner.

The action was instituted by the City of Jenkins to condemn the entire water system belonging to Kentucky Water Company, specifically including land, wells, dams, lakes, pools, water lines, storage tanks, pumps, motors, engines, and meters, and all other machinery and equipment owned and used by the Water Company in connection with the system. Appellee demurred specially to the petition, because of the circuit court's lack of jurisdiction of the subject matter of the action. The demurrer was sustained and the petition dismissed.

The cost of acquiring the system is to be defrayed out of funds to be received from the sale of revenue bonds, authorized by ordinance to be issued by the city.

KRS 58.010 to 58.140 provides for the acquisition and development of public projects by governmental units and agencies through revenue bonds. The definition of "public project" contained in KRS 58.010(1) is extremely broad, but the entire chapter is an act complete in itself, originally enacted by the General Assembly in 1946, and amended in certain particulars having no bearing on the question before us, in the General Session of 1948. The chapter outlines the procedure to be followed in the exercise of the authority it grants. Consequently, a governmental agency electing to proceed under this authority necessarily is bound by such limitations as are imposed by the provisions of the chapter. The right to condemn property under this chapter is contained in KRS 58.140, in which section the county court and the circuit court of the county wherein the property is situate are given concurrent jurisdiction of the condemnation proceedings; but the property authorized to be condemned is specifically confined to real estate.

■ The property herein sought to be condemned includes all the physical holdings of appellee, as specifically set out in the petition and in the ordinance authorizing the proceedings. The enumerated properties are treated as a whole, although appellant, in his reply brief, suggests that this Court may separate the personalty from the realty and authorize the circuit court to proceed with the real property, in the event we should conclude that it has no jurisdiction of the personal property. Had the properties been separately proceeded against, we might determine the question in that manner; but the ordinance and the petition treat all of the physical properties of appellee as a unit, designated water system, and we cannot separate the subject matter into its component parts at this stage of the proceedings.

■ Appellant's principal contention however is that the words "real property" as used in KRS 58.140 include all of the items named in the petition, (1) because they have been affixed to the real estate and applied to a use in connection with it, although originally some of them were personal in their character, and (2) because they are included in the definition of "public project" in KRS 58.010. We find it unnecessary to enter into a dissertation concerning the circumstances under which personal property may be considered to have been converted into realty or real property into personalty, since it is apparent that the nondescript and all inclusive expression "all other machinery, equipment, tools and supplies of every kind, class and description," contained in the petition and the ordinance authorizing the condemnation proceedings, includes personal property which by no stretch of the imagination could ever be deemed to have been converted into realty. The definition of "public projects" contained in KRS 58.010 has no bearing whatever on the definition to be given to "real property" as used in KRS 58.140. It is apparent that since the property herein sought to be condemned includes personalty as well as realty, the court did not have jurisdiction to proceed under Chapter 58 of the Statutes; and unless that authority is to be found elsewhere, the court properly sustained the special demurrer.

■ Additional authority is sought under the provisions of KRS 86.110, which defines the general powers of the city council, and particularly subsection (8) of that section, providing for the condemnation of "property" declared to be needed for "municipal purposes." If a city elects to proceed under the authority of this section of the statutes, it must follow the procedure described in the section, which confines the jurisdiction of the action to the county court.

It is apparent that the circuit court did not have jurisdiction of the subject matter under either contention argued by appellant. It follows that the trial court properly sustained the special demurrer.

The judgment is affirmed.